IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK R. DRISCOLL,

      Plaintiff,

vs.                               Civil Action 2:09-CV-00154
                                    Judge Sargus
                                    Magistrate Judge King

WAL-MART STORES EAST, INC.,

      Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff alleges that defendant was negligent in failing to exercise ordinary care when defendant's employee dropped a gun safe on plaintiff's hand, severing the tip of a finger. This action was originally filed in the Court of Common Pleas for Belmont County, Ohio. Defendant removed the action to this Court on the basis of diversity of citizenship, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Defendant's *Notice of Removal,* Doc. No. 2 ("*Notice of Removal*"). This matter is before the Court on plaintiff's motion to remand to state court pursuant to 28 U.S.C. § 1447(c). *Plaintiffs'* [sic] *Motion to Remand Case to Court of Common Pleas, Belmont County, Ohio*, Doc. No. 9 ("*Motion to Remand*"). For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the *Motion to Remand* be denied.

I.     BACKGROUND

On February 3, 2009, plaintiff filed the original complaint in state court, alleging that defendant acted negligently when defendant's employee dropped a gun safe on plaintiff's finger. *Complaint with Jury Demand*, Doc. No. 3 ("*Complaint*"). The complaint alleges that plaintiff

suffered the following damages as a result of defendant's conduct: medical expenses; lost wages; pain and suffering; annoyance, inconvenience, mental and emotional anguish; and diminishment in his ability to fully function and to enjoy life. *Id.* at ¶¶ 8-10. The complaint demands judgment in excess of $25,000, plus costs. *Id.* at ¶ 10.

On February 27, 2009, defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. *Notice of Removal*. Defendant asserts that removal is proper under § 1332(a)(1) because plaintiff is a resident of the State of Ohio, and defendant is a corporation incorporated in Arkansas with its principal place of business in Arkansas. *Id.* at ¶¶ 6-8. Defendant further alleges that the amount in controversy exceeds $75,000 because plaintiff's counsel, when asked by telephone prior to removal, could not stipulate that plaintiff's claimed damages were less than $75,000. *Id.* at ¶ 5.

On April 4, 2009, plaintiff moved to remand the case, alleging that newly discovered information now allows plaintiff to stipulate that his claimed damages are less than the $75,000 required for diversity jurisdiction under § 1332. *Motion to Remand*, at 2 (citing 28 U.S.C. § 1332(a)). Specifically, plaintiff avers that his medical expenses total $6,090.50, and that he has given his attorneys authority to settle his case "for a sum less than $75,000.00." *Affidavit of Mark R. Driscoll*, at ¶¶ 7, 9 ("*Driscoll Affidavit*"), attached to *Motion to Remand*. Defendant opposes plaintiff's motion arguing that, because federal diversity jurisdiction was properly invoked at the time of removal, plaintiff's post-removal offer to stipulate should not defeat jurisdiction. *Defendant, Wal-Mart Stores East, Inc.'s Memorandum in Opposition to Plaintiff's Motion to Remand Case to Court of Common Pleas, Belmont County, Ohio*, Doc. No. 14 ("*Defendant's Response*"), at 6-7 (citing *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir.

2

2000)). In reply, plaintiff points to Ohio Civil Rule 8(a), which forbids a plaintiff from specifying in the complaint a monetary demand greater than $25,000.[1] Plaintiff argues that, because Ohio law prevented him from making a precise demand for damages, his post-removal concession establishes the amount in controversy for the first time, and should thus serve as the basis for remand. *Plaintiff's Reply to Defendant, Wal-Mart Stores East, Inc.'s Memorandum in Opposition to Plaintiff's Motion to Remand Case to the Belmont County, Ohio, Court of Common Pleas,* at 3, Doc. No. 15 ("*Plaintiff's Reply*") (citing *Egan v. Premier Scales & Systems*, 237 F.Supp.2d 774, 777 (W.D.Ky. 2002)).

## II.   STANDARD OF REVIEW

"'The district courts of the United States . . . are courts of limited jurisdiction. They possess only that power authorized by Constitution and by statute.'" *Exxon Mobil Corp. v. Allapattah Servs.,* 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). A defendant may remove a civil action filed in a state court to a United States district court having original jurisdiction over the action. 28 U.S.C. § 1441(a). Diversity of citizenship, the basis of federal subject matter jurisdiction invoked in this action, is satisfied when the amount in controversy in an action between citizens of different states exceeds $75,000. 28 U.S.C. § 1332(a).

The removing party bears the burden of establishing federal subject matter jurisdiction. *Jerome-Duncan Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). Jurisdiction is

---

[1] Ohio Civil Rule 8(a), which governs claims for relief, provides in relevant part:
>    If the party seeks more than twenty-five thousand dollars, the party shall so state in the pleading but shall not specify in the demand for judgment the amount of recovery sought . . . At any time after the pleading is filed and served, any party from whom monetary recovery is sought may request in writing that the party seeking recovery provide the requesting party a written statement of the amount of recovery sought . . . .

Ohio Civ. R. 8(a) (2009).

determined as of the time of removal. *Ahearn v. Charter Twp. of Bloomfield,* 100 F.3d 451, 453 (6th Cir. 1996). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Where the plaintiff seeks to recover an unspecified amount that is not clearly greater or less than $75,000, the removing defendant must show by the preponderance of the evidence that the jurisdictional amount has been met. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). Doubts regarding federal jurisdiction should be resolved in favor of remand. *Eastman v. Marine Mech. Corp.,* 438 F.3d 544, 550 (6th Cir. 2006) (citing *Brown v. Francis* 75 F.3d 860, 864-65 (3d Cir. 1996)).

### III.  DISCUSSION

Plaintiff alleges that remand is proper because the amount in controversy does not exceed $75,000, thus depriving this Court of subject matter jurisdiction. *Plaintiff's Reply*, at 2 (citing § 1332(a)). Where, as here, a plaintiff makes an unspecified demand for judgment, the defendant has the burden of proving that it is more likely than not that the amount in controversy exceeds $75,000. *Gafford*, 997 F.2d at 158-59. Defendant offers several reasons that support its assertion that, at the time of removal, the amount in controversy was greater than $75,000. *Notice of Removal*, at ¶¶ 4-5. First, the initial complaint sought only an unspecified amount in excess of $25,000, *Complaint*, at 3, and, when asked by defendant's counsel prior to removal, plaintiff's counsel could not say that plaintiff would seek less than $75,000. *Notice of Removal*, at ¶ 5. Those facts, combined with the nature and severity of the plaintiff's claimed injury, *i.e.,* a severed finger tip and related problems, *Id.* at ¶ 4, persuaded defendant that the $75,000.00 jurisdictional amount had been met.

4

Plaintiff, by post-removal concession, now avers that the amount in controversy is less than $75,000; he argues that the case should therefore be remanded. *Motion to Remand*, at 2. Defendant responds that a post-removal offer to stipulate cannot deprive a district court of subject matter jurisdiction where jurisdiction existed at the time of removal. *Defendant's Response* (citing *Rogers,* 230 F.3d 868 at 872). Because the amount in controversy was more likely than not greater than $75,000 at the time of removal, defendant argues, plaintiff's post-removal offer to stipulate should have no effect on this Court's jurisdiction. *Id.* at 1-2.

Defendant cites *Rogers* to support the proposition that a post-removal stipulation cannot serve to deprive a court of otherwise properly invoked jurisdiction.[2] In *Rogers,* the plaintiff suffered a slip and fall accident at a Wal-Mart store. *Rogers*, 230 F.3d at 870. In her initial complaint, filed in state court, plaintiff sought "approximately $950,000 in damages." *Id.* Defendant removed the case to federal court and the case was eventually dismissed without prejudice. *Id.* The plaintiff thereafter re-filed the claim in state court, this time seeking recovery of a sum not greater than $75,000. *Id.* Based on interrogatory responses served in the first case, in which plaintiff indicated that her damages amounted to $447,000, the defendant again

---

[2] Although not addressed by the parties, the Court is aware that several courts have found the *Rogers* line of precedent to have been abrogated by *Powerex Corp. v. Reliant Energy Servs.*, 551 U.S. 224 (2007). *See Roberts v. A&S Bldg. Sys., L.P.*, No. 3:07-cv-413, 2008 U.S. Dist. LEXIS 6309, at *7-8 (E.D. Tenn., Jan. 25, 2008); *Wertz v. LPS Nat'l Flood, L.P.*, No. 1:09-cv-23, 2009 U.S. Dist. LEXIS 34740, at *6-9 (E.D. Tenn., Apr. 23, 2009); *Moscardelli v. Michigan Laborers Health Care Fund*, No. 1:08-cv-30, 2008 U.S. Dist. LEXIS 21627, at *4-6 (W.D. Mich. Mar. 19, 2008); *Lowe v. Fountain Forestry, Inc.*, No. 3:08-cv-08 U.S. Dist. LEXIS 7105, at *6-7 (E.D. Tenn. Jan. 30, 2008). In *Powerex*, the Supreme Court rejected the "narrowing construction of § 1447(c)'s unqualified authorization of remands for lack of subject matter jurisdiction." *Powerex*, 551 U.S. at 230. The Supreme Court also stated that "a case can be properly removed and yet suffer from a failing in *subject-matter jurisdiction* that requires remand." *Id.* at 232. The United States Court of Appeals for the Sixth Circuit has had the opportunity to revisit their prior decisions in light of *Powerex*, however, and has overruled them only insofar as they relate to appellate review. *Blackburn v. Oaktree Capital Management, L.L.C.*, 511 F.3d 633, 636 (6th Cir. 2008) ("Accordingly, we recognize that our Sixth Circuit decisions are overruled to the extent they held that a remand for lack of subject matter jurisdiction pursuant to § 1447 (c) was reviewable if it was premised on a post removal amendment to a complaint."). Accordingly, this Court is not persuaded that *Powerex* abrogates the principle in *Rogers* that a post-removal stipulation does not divest a court of jurisdiction.

5

removed the case to federal court. *Id.* Notwithstanding plaintiff's subsequent offer to limit her claimed damages to $75,000, the Sixth Circuit held that "[b]ecause jurisdiction is determined as of the time of removal, events occurring after removal that *reduce* the amount in controversy do not oust jurisdiction." *Id.* at 872 (emphasis added).

Defendant argues, as it did in *Rogers*, that it has properly removed the case to federal court under *Gafford*. Defendant points to the *Rogers* court's concern with "gamesmanship" and the fear that a plaintiff might attempt to manipulate the court in order to gain a favorable forum by use of post-removal stipulations. *Id.* at 872. Defendant contends that plaintiff's post-removal statement that he would not seek damages greater than $75,000 should have the same effect on jurisdiction as did the proffered stipulation in *Rogers* -- namely, none.

Plaintiff distinguishes *Rogers* from the case presently before this Court and contends that, where a state law like Ohio Civil Rule 8(a) prohibits a precise demand for relief in the original complaint, a post-removal specification of the amount in controversy can serve as the basis for remand to state court. *Plaintiff's Reply*, at 3 (citing *Egan*, 237 F.Supp.2d at 776-77 ("[T]he question remains whether a Plaintiff may *clarify* the amount at issue by stipulation, particularly where a state statute prohibited a precise allegation in the original complaint. On this more narrow issue, the Sixth Circuit has not commented.") (emphasis in original)).

In *Egan*, the plaintiff's initial complaint did not specify his claimed damages, in compliance with Kentucky's pleading rules.[3] *Egan,* 237 F.Supp.2d at 775-76. The defendant in

---

[3] Kentucky Rule of Civil Procedure 8.01 is similar to its Ohio counterpart:
> In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court . . . . When a claim is made against a party for unliquidated damages, that party may obtain information as to the amount claimed by interrogatories.

Ky. R. Civ. P. 8.01(2).

*Egan* removed the case to federal court on the basis of diversity jurisdiction, at which time the plaintiff specified for the first time that the claim was less than $75,000. *Id.* The *Egan* court distinguished *Rogers*, in which a post-removal stipulation *reduced* a previously-established amount in controversy, because the plaintiff in *Egan* had not specified the amount in controversy in the complaint prior to removal. *Id.* at 777 (citing *Rogers,* 230 F.3d at 872). Instead, in keeping with the core principle that issues on removal are strictly construed against federal jurisdiction, the *Egan* court held that "where a plaintiff provides specific information about the amount in controversy for the first time, it should be deemed a *clarification* rather than a change," and could thus form the basis for remand. *Id.* at 778.

The *Egan* court noted an important corollary to this rule, however: "only an unequivocal statement and stipulation limiting damages" will serve to undermine the defendant's right to removal. *Id.* The *Egan* court accordingly found that a plaintiff's declaration that she would "accept a sum of $74,990 exclusive of interests and costs regardless of what any court finds in excess of that amount" was not such an unequivocal statement because it addressed only actual recovery and did not affect the amount in controversy for purposes of diversity jurisdiction. *Id.* at 775, 778. Accordingly, the *Egan* court denied the motion to remand. *Id.*

Plaintiff argues that the facts in this case are more similar to *Egan* than to *Rogers* because his post-removal specification of damages is the first real articulation of the amount in controversy. *Plaintiff's Reply*, at 6, 10. Plaintiff asserts that he was unable to make a specific demand in the original *Complaint* because of both Ohio pleading rules and ongoing discovery related to the scope of his injuries. *Id.* at 7. He contends that the concerns about gamesmanship expressed in *Rogers* are not present in this instance. *Id.* at 10.

7

This Court is not persuaded that plaintiff's post-removal articulation of likely damages constitutes the first such articulation in this case. Rather, plaintiff's earlier refusal to stipulate that his claimed damages amounted to less than $75,000 can be reasonably characterized as a specification, albeit general, of the amount in controversy. The fact that plaintiff thereafter revised that calculation downwards cannot serve to render the removal of this action improper. *See Rogers*.

Even if this Court were persuaded by the court's reasoning in *Egan*, plaintiff's actual clarification has not satisfied the standards for post-removal stipulations set forth in that case. Here, the plaintiff avers "[t]hat the damages incurred as a result of my illness are below the jurisdictional amount necessary to remove my case to federal court (*i.e.*, $75,000.00) . . . . [and] [t]hat I have given my attorneys authority to settle my case for a sum less than $75,000.00." *Driscoll Affidavit*, ¶¶ 8-9. Plaintiff's statement is far from unequivocal. Although his affidavit might disclaim lost wages, *id*., ¶5, plaintiff does not disclaim the non-economic damages listed in his *Complaint*, including pain and suffering, mental anguish, and diminution of his ability to function. Rather, plaintiff states only that such damages, "even if [calculated at a rate of] ten times [his documented medical expenses], would still put plaintiff's final recovery below the amount in controversy sufficient to sustain federal jurisdiction." *Plaintiff's Reply*, at 7. A prediction of a probable final award below the jurisdictional amount, however, is not tantamount to an "unequivocal statement" sufficient to vitiate defendant's right to removal. *See Egan*, 237 F.Supp.2d at 778. "To merely say that one will not accept money in excess of a certain amount limits neither the judgment nor the demand." *Id.* Under these circumstances, the Court concludes that defendant has carried its burden of establishing that it is more likely than not that

8

the amount in controversy in this action satisfies the jurisdiction amount required by 28 U.S.C. §1332(a). The removal of the action was therefore not improper.

It is therefore **RECOMMENDED** that plaintiff's *Motion to Remand*, Doc. No. 9, be **DENIED**.

The preliminary pretrial conference previously vacated, *see Order*, Doc. No. 13, will be promptly rescheduled.

If any party objects to this *Report and Recommendation*, the party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636 (b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


July 16, 2009                                    */s Norah McCann King*
                                                 Norah McCann King
                                                 United States Magistrate Judge