IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK R. DRISCOLL,**

    **Plaintiff,**

vs.

Case No. 2:09-CV-00154
Judge Edmund A. Sargus, Jr.
Magistrate Judge Norah McCann King

**WAL-MART STORES EAST, INC.,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of the Objections to the Magistrate Judge's Report and Recommendation denying Plaintiff's Motion for Remand. Because, at the time of removal, Defendant proved that the amount in controversy more likely than not exceeded $75,000, the Objections are **OVERRULED** and the Court **ADOPTS** the Magistrate Judge's July 16, 2009 R&R.

**I.**

Plaintiff, Mark R. Driscoll, a resident of Ohio, brings this diversity action against Defendant, Wal-Mart, an Arkansas corporation. Plaintiff initiated this case by filing a Complaint on February 3, 2009 in the Court of Common Pleas, Belmont County, Ohio. Plaintiff alleges that Defendant's employee negligently dropped a gun safe on his hand while he was an invitee on Defendant's property. (Compl. ¶ 1-2, 5-6.) According to Plaintiff, his injuries include the loss of the tip of his middle finger, cervical radiculopathy, cervical stenosis, and cervical spondylolisthesis. (*Id.* ¶ 9.) Plaintiff seeks damages for medical bills; lost wages; pain and

suffering; annoyance, inconvenience, mental and emotional anguish; and diminished ability to fully function and enjoy life. (*Id.* ¶ 10.) Because Plaintiff filed this case in Belmont County, he demanded judgment in excess of $25,000, consistent with state law. *See* Ohio Civ. R. 8(a) (2009) ("If the party seeks more than twenty-five thousand dollars, the party shall so state in the pleading but shall not specify in the demand for judgment the amount of recovery sought.")

On February 27, 2009, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Notice of Removal 1.) Defendant contends that diversity of citizenship exists because Plaintiff is a resident of Ohio and Defendant is a corporation incorporated in Arkansas with its principal place of business in Arkansas. (*Id.* ¶ 6-8.) Defendant maintains that the amount in controversy exceeds $75,000. (*Id.* ¶ 6.) To support this position, Defendant relies on both the scope of Plaintiff's injuries and the demand for damages that Plaintiff alleged within the Complaint. (*Id.* ¶ 4.) Additionally, Defendant contends that, when asked over the telephone, Plaintiff's counsel could not stipulate that Plaintiff's claimed damages were less than $75,000. (*Id.* ¶ 5.)

Plaintiff moved to remand the case asserting that based on newly discovered information he can now stipulate that his claimed damages are less than $75,000, and therefore, no federal subject-matter jurisdiction exists. (*Id.* ¶ 5-6.) According to Plaintiff, his medical expenses were $6,090.50. He, therefore, now gives his attorney permission to settle the case for less than $75,000. (Aff. of Mark R. Driscoll ¶ 7-8.) Defendant opposes Plaintiff's motion to remand, contending that at the time of removal, federal diversity jurisdiction existed. (Def.'s Mem. Opp'n to Remand ¶ 6-7.)

2

On July 16, 2009, Magistrate Judge King issued a Report and Recommendation in which she concluded that the Court should deny Plaintiff's motion to remand. Plaintiff timely filed objections, asserting once again that Defendant has not satisfied the amount in controversy requirement. This matter is now before the Court on Plaintiff's objections to the Report and Recommendation.

## II.

Under 28 U.S.C. § 636(b)(1), a magistrate judge maintains different levels of authority to consider dispositive and nondispositive pretrial motions. *See* 28 U.S.C. § 636(b)(1). Upon review of a dispositive motion "a magistrate judge may issue only proposed findings and recommended dispositions in response to that motion." *Vogul v. U.S. Office Prod. Co.*, 258 F.3d 509, 515 (6th Cir. 2001). Ultimately, only the district court judge has the authority to issue the dispositive order. *Id.* at 515. If a party objects within ten days to a magistrate judge's recommended disposition on a dispositive matter, the Court will make a *de novo* determination regarding the matters to which the party objects. 28 U.S.C. § 636(b)(1); *see also United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (holding that dispositive motions "are governed by the de novo standard"). The Court of Appeals for the Sixth Circuit has held that remand motions are dispositive. *Vogul*, 258 F.3d at 517. Thus, in this case, the Court reviews the Magistrate Judge's recommendation to deny remand *de novo*.

## III.

Because federal courts possess limited jurisdiction, this Court may only decide cases that either "the Constitution or Congress have empowered [it] to resolve." *Ohio ex. rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Defendants may remove civil actions in state court

3

to a United States district court if the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). In this case the basis of subject-matter jurisdiction is diversity, which requires an action between citizens of different states involving an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a).

In determining whether subject-matter jurisdiction exists, the Court must examine "the complaint as it existed at the time of removal." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 551 (6th Cir. 2006) (quoting *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004)). A defendant seeking removal bears the burden of establishing subject matter jurisdiction. *Eastman*, 438 F.3d at 549. Where a plaintiff seeks to recover an unspecified amount that is not clearly greater or less than $75,000, the defendant must prove that it is more likely than not that the amount in controversy exceeds $75,000. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). The Court should resolve doubts regarding federal jurisdiction in favor of remand. *Eastman*, 438 F.3d at 550 (quoting *Brown v. Francis*, 75 F.3d 860, 864–65 (3rd Cir. 1996)).

In this case, the Magistrate Judge determined that Defendant proved the amount in controversy more likely than not exceeded $75,000. (R&R 4.) Various factors existed at the time of removal to support this conclusion. Plaintiff's initial Complaint sought an unspecified amount in excess of $25,000. (Compl. ¶ 10.) Plaintiff's Complaint listed multiple injuries including the loss of the tip of his middle finger, cervical radiculopathy, cervical stenosis, and cervical spondylolisthesis. (*Id.* ¶ 9.) Plaintiff sought damages for medical bills; lost wages; pain and suffering; annoyance, inconvenience, mental and emotional anguish; and diminished ability to fully function and enjoy life. (*Id.* ¶ 10.) Moreover, in response to opposing counsel's question

4

at the time of removal, Plaintiff's counsel was unable to say that Plaintiff was seeking less than $75,000. Based on these facts, at the time of removal, the Magistrate Judge found that Defendant met its burden of demonstrating the amount in controversy by a preponderance of the evidence.

The question remains whether Plaintiff's post removal concessions should have any impact on the Court's determination regarding the amount in controversy. The Court of Appeals for the Sixth Circuit has addressed the effect of post-removal stipulations. In *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000), the plaintiff had originally filed a complaint in state court seeking $950,000 in damages. *Id.* at 870. After removal to federal court and a stipulated dismissal, the plaintiff brought a new complaint in state court seeking damages "not exceeding $75,000." *Id.* The *Rogers* court held that the district court did not err in denying remand, and concluded that a post-removal concession regarding the amount in controversy cannot deprive a federal court of subject matter jurisdiction if, at the time of removal, jurisdiction was proper. *Id.* at 872. Specifically, the Court held that "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Id.*

Plaintiff attempts to distinguish the instant matter from *Rogers* contending that where a state law, such as Ohio Civil Rule 8(a), prohibits a precise demand for relief, a post-removal stipulation is a proper basis for remand. Relying on *Egan v. Premier Scales & Systems*, 237 F.Supp.2d 774, 776-78 (W.D.Ky. 2002), Plaintiff asserts that the Court should treat his post-removal stipulation as a clarification of the amount in controversy. (Pl.'s Reply 3.) In *Egan*, the district court for considered a post-removal stipulation regarding the amount in controversy that occurred because Kentucky state law did not allow the plaintiff to demand a specific amount of damages in excess of the state jurisdictional requirement. 237 F.Supp.2d at 776. The court noted

5

that "the Sixth Circuit has not commented" on this narrower issue. *Id.* at 777. The court held that "where a plaintiff provides specific information about the amount in controversy for the first time, it should be deemed a *clarification* rather than a change." *Id.* at 778. Nevertheless, *Egan* determined that this rule should only apply when there is "an unequivocal statement and stipulation limiting damages." *Id.* at 778.

Upon *de novo* review, the Court finds that remand here is improper and adopts Magistrate Judge King's recommendation regarding Plaintiff's post-removal stipulation. As Magistrate Judge King observed, the Court of Appeals for the Sixth Circuit explicitly addressed the issue of post-removal stipulation in *Rogers*, and held that "events occurring after removal that reduce the amount in controversy do not oust jurisdiction." *Rogers*, 230 F.3d at 872. Although the Court acknowledges that the facts of this case are similar to those that the district court addressed in *Egan*, this analogy alone does not change the binding precedent from the Court of Appeals regarding the effect of post-removal stipulations, which is the ultimate question this case presents.[1] Therefore, Plaintiff's post-removal concessions have no impact on jurisdiction.

---

[1] In her Report and Recommendation, Magistrate Judge King also determined that even if the Court did accept the reasoning of *Egan*, Plaintiff's stipulation in this case did not meet the standards the decision announced. (R&R 8.) Specifically, *Egan* required that the concessions regarding the amount in controversy be the plaintiff's first expression addressing the amount and must unequivocally limit the damages to below the jurisdictional amount. 237 F.Supp.2d at 778. Magistrate Judge King noted that Plaintiff's post-removal articulation was not the first expression of the amount in controversy since Plaintiff's counsel had earlier refused to stipulate to an amount less than $75,000. (*Id.* 8.) Furthermore, Magistrate Judge King found that Plaintiff's articulation was not unequivocal because Plaintiff's concessions failed to disclaim non-economic damages and left open the possibility of damages exceeding $75,000. (*Id.*) Although the Court agrees with these observations, because of the binding effect of the *Rogers* decision, the Court will not review Judge King's determination that the Plaintiff did not meet the corollary standards set out in the *Egan* decision set forth.

6

## IV.

The Court has considered the arguments made by counsel, the cases cited by Plaintiff, and the opinions and analysis of the Magistrate Judge in her Report and Recommendation. Upon *de novo* review, the Court finds that, at the time of removal, Defendant proved that it was more likely than not that the amount in controversy exceeded $75,000. For the foregoing reasons, Plaintiff's Objections to the Magistrate's Report and Recommendation are **OVERRULED**. The Court **ADOPTS** Magistrate Judge King's July 16, 2009 Report and Recommendation. Plaintiff's Motion for Remand is **DENIED**.

**IT IS SO ORDERED.**

12-10-2009
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**